UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM T. MATT and BCS CONSTRUCTION SERVICES, INC., | ) ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 1:26-cv-11628 |
| | ) | |
| TOWN OF STOUGHTON BOARD OF HEALTH, LAWRENCE PERRY, ELLEN EPRO, JANET CRIMINS, STEVEN SNYDER, ANDREW M. TIBBS and MICHAEL VARNER, | ) ) ) ) ) | |
| Defendants | ) ) | |

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT
28 U.S.C. § 1441(a)**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Petitioners, Town of Stoughton Board of Health, Lawrence Perry, Ellen Epro, Janet Crimins, Steven Snyder, Andrew M. Tibbs, and Michael Varner, pursuant to 28 U.S.C. §§ 131 and 1441,[1] hereby remove this case from Norfolk County Superior Court to the United States District Court for the District of Massachusetts and as grounds for their removal state:

1.      The petitioners are named as defendants by plaintiffs, in a civil action filed in the Superior Court of the Commonwealth of Massachusetts on March 18, 2026, in and for the County

---

[1] In filing this Notice of Removal, the Removing Defendant preserves all defenses and objections, including those pursuant to Federal Rule of Civil Procedure 12(b). *See* Charles A. Wright & Arthur Miller, *Federal Practice and Procedure* § 1395 (3d ed. 2004) quoting *Greenberg v. Giannini*, 140 F. 2d 550, 553 (2d Cir. 1944) ("When a defendant removes an action from a state court in which he has been sued, he consents to nothing and 'waives' noting; he is exercising a privilege unconditionally conferred by statute, and, since the district court to which he must remove it is fixed by law, he has no choice, without which there can be no waiver.").

of Norfolk, entitled *BCS Construction Services, Inc., et al. v. Town of Stoughton Board of Health, et al.* C.A. No. 2682CV00307 (the "Action").

2.      Upon information and belief, the plaintiff served a Summons and copy of the Complaint upon the following defendants, on the following dates:[2]

    a.  Stoughton Board of Health, on March 23, 2026;

    b.  Lawrence Perry, on March 30, 2026; and

    c.  It is unknown whether any of the other defendants have been served.

    d.  No Returns of Service have been filed.

3.      This is a suit of a wholly civil nature brought in a Massachusetts state court.  The action is pending in the Superior Court of the Commonwealth of Massachusetts in and for the County of Norfolk and, accordingly, under 28 U.S.C. § 101 and § 1441(a), the United States District Court for the District of Massachusetts is the proper forum for removal.

4.      In Count II of the Action, Plaintiff brings a claim under 42 USC § 1983 for error of law and denial of due process.

5.      Because this civil action arises under the Constitution and laws of the United States, the United States District Court has original jurisdiction under 28 U.S.C. § 1331.

6.      The petitioners are filing this Notice of Removal within thirty (30) days of service of the Summons and Complaint, within thirty days of the date this action became removable, and within the time for filing this petition.  *See* 28 U.S.C. § 1446. *See supra*.

7.      The petitioners will file a Notice of Filing of this Notice of Removal and a copy of this Notice of Removal with the Clerk of the Superior Court of Massachusetts, County of Norfolk.

---

[2] Defendants reserve the right to challenge any purported service of Summons.

8.    Pursuant to Local Rule 81.1(a), the petitioners shall request of the Clerk of the Superior Court of Massachusetts, County of Norfolk, certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries therein and shall file the same with this Court within twenty-eight days (28) days after the filing of this Notice of Removal.

WHEREFORE Petitioners Town of Stoughton Board of Health, Lawrence Perry, Ellen Epro, Janet Crimins, Steven Snyder, Andrew M. Tibbs, and Michael Varner pray that the above-entitled action now pending in the Superior Court of the Commonwealth of Massachusetts in and for Norfolk County be removed from that Court to this United States District Court.

Respectfully submitted,
Defendants,
TOWN OF STOUGHTON BOARD OF HEALTH,
LAWRENCE PERRY, ELLEN EPRO, JANET
CRIMINS, STEVEN SNYDER, ANDREW M.
TIBBS, MICHAEL VARNER,
By its Attorneys

**PIERCE DAVIS & PERRITANO** LLP

*/s/ Patrick T. Ciapciak*
_____
Patrick T. Ciapciak, Esq., BBO No. 705221
10 Post Office Square, Suite 1100N
Boston, MA 02109
(617) 350-0950
pciapciak@piercedavis.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2026 a true copy of this document was served upon the plaintiff's counsel via electronic mail as follows:

Seth H. Salinger, Esq.
39 Charlemont Street
Newton Highlands, MA  02461
sethsal@gmail.com

*/s/ Patrick T. Ciapciak*

_____
Patrick T. Ciapciak

4